## COLCORD v. DRYFUS.

### [*Opinion Filed Feb. 28, 1893.*]

1.    COMMON CARRIER—*Delivery to*—Delivery of personal property to the common carrier for transportation to the vendee, whether in accordance with his expressed or implied instructions, is a delivery to the vendee's agent, and equivalent to a delivery to the vendee himself.

2.    TITLE OF PROPERTY—*When Vested*—The delivery of personal property to the common carrier, although sold on credit, is a delivery to the vendee, and vests the title in the vendee, subject to the vendor's right of stoppage *in transitu.*

3.    RECISSION OF SALE—*What Necessary*—If the parties to a sale, completed by delivery, agree to rescind, as much formality is required to revest the title in the vendor, as against the vendee's creditors, as was necessary to transfer the title to the vendee.

*Appeal from the Probate Court of Oklahoma County.*

*Reddick & Wilkerson* for Appellant.

*Douglas & Galbraith* for Appellee.

The opinion of the court was delivered by

GREEN, C. J.:    This was an action of replevin in the probate court of Oklahoma county, brought by appellee against appellants, for the recovery of one barrel of whisky, of the alleged value of $103.52.  The complaint is in the usual form of complaints in replevin, and the appellants answered by filing a general denial.

A jury was waived by consent of parties, and the court was asked to state the facts in writing, and the conclusions of law upon them, which was done by the court as follows:

"That the p aintiff was a wholesale liquor dealer, doing.business in Kansas City, Mo., and that, on or about June 15, 1892, he received an order from A. M. Irion & Co. for one barrel of whisky, the property in dispute; and that, on said date, the property in dispute, and which the court finds to be of the value of $103.42, was shipped to the said firm of A. M. Irion & Co., at Oklahoma City, O. T., and was to be paid for in 60 days from date of shipment; and that the same was received by said A. M. Irion & Co. June 22, 1892.

"That on July 8, 1892, said A. M. Irion refused to accept said property, and so notified the plaintiff by letter, to which letter plaintiff made no reply, the property remaining in Irion's possession.

"That, on or about July 16, 1892, the defendants seized said property under an order of attachment against the property of A. M. Irion. That said prop-erty, when seized by defendants, was in the Turf saloon, the place of business of said A. M. Irion.

"That the plaintiff notified the defendants that said property was claimed by the plaintiff, after the seizure in attachment, and made demand for the same; and the defendants refusing to deliver said property to the plaintiff, this action was brought.

"That the plaintiff, at the time of the commencement of this suit, was the owner, and entitled to the possession of said property, described in the writ of replevin herein as one barrel of Paynt Brothers' whisky; to which conclusion of law the defendants then and there excepted."

Upon this statement of facts, and conclusion of law, the court gave judgment for the plaintiff below, the appellee, and against the defendants below, the appellants, and the appellants bring the record into this court by appeal, and pray a reversal of said judgment, and assign the following error:

"The court erred in its conclusions of law on the findings."

But one question is presented by this record, and that is, did the court reach a correct conclusion of law upon the statement of facts?   If the conclusion of law is correct, the judgment is right and should be affirmed; and if the court erred in the conclusion of law, the judgment is erroneous and should be reversed.

The facts found show that appellee was a wholesale liquor dealer, doing business in Kansas City, Mo., and that about the 15th day of June, 1892, he received an order from A. M. Irion & Co. for one barrel of whisky, the property in controversy, which was shipped to said firm at Oklahoma City, and was to be paid for in 60 days from date of shipment; and that the property was received by the said A. M. Irion on the 22d day of June, 1892.   Afterwards, on the 8th day of July, 1892, A. M. Irion notified appellee by letter, that he refused to accept the property, but for what reason the court did not find; to which letter appellee made no reply. At the time of the seizure of the property on the writ of attachment it was in the possession of A. M. Irion.

The delivery of the property to the common carrier, to be carried to Oklahoma City, and there delivered to A. M. Irion & Co., in pursuance of the order of A. M. Irion & Co., was a delivery to A. M. Irion & Co., and vested the title of property in them, subject to appellee's right of stoppage *in transitu*, as the property was sold on credit.

Mr. Tiedeman on Sales states the rule of law as follows:

"Delivery to the common carrier for transportation to the vendee, whether in accordance with his expressed or implied instructions, is held to be a delivery to the vendee's agent, and equivalent to a delivery to the vendee himself.   And a delivery at the carrier's wharf or warehouse, to some receiving clerk, would

ordinarily be a sufficient delivery to the carrier, in order to pass title and risk to the vendee." (Tiedeman on Sales, § 95, and cases cited in note 5.)

The property in controversy was not only delivered to the common carrier, to be carried to Oklahoma City for A. M. Irion & Co., but was actually carried to that place and delivered to A. M. Irion, and thereupon became the property of A. M. Irion & Co., and they became liable to pay appellee for the same, at the expiration of the term of credit; and the fact that A. M. Irion, more than fifteen days after the property was delivered to him at Oklahoma City, notified appellee that he would not accept the property, did not re-invest appellee with the title to the property, as appellee did not act upon the notice, and took no steps whatever to reclaim the property, until after it was seized on the writ of attachment. What was done by A. M. Irion alone did not amount to a recision of the sale. There was not even a mutual agreement to rescind; and here we may quote again from the same author:

"If the parties to a sale, which has been once completed by delivery, agree to rescind the sale, as much formality will be required to revest the title in the vendor, as against the vendee's creditors, as was necessary to transfer the title to the vendee." (Tiedeman on Sales, § 108.)

It follows that appellee was not the owner of the property and entitled to the possession of the same, at the time of the commencement of this suit; and the court below erred in the conclusion of law upon the statement of facts, for which error of law the judgment must be reversed and the cause remanded.

Counsel for appellee insist that a statement of facts, as made by the court, was not warranted by the evidence introduced on the trial. We have no means of knowing that fact, as the evidence is not before us; but in order that injustice may not be done we direct the

court below to sustain appellant's motion for a new trial and to award a *venire facias de novo*.

Reversed and remanded.

All the Justices concurring.