STILLER v. ATCHISON, T. & S. F. RY. CO. *et al.*

No. 1780. Opinion Filed May 14, 1912.

(124 Pac. 595.)

1. JUDGMENT—Conformity to Pleadings. In replevin, the gist of the action is the wrongful detention of the property, and a general denial puts every question in issue and authorizes the court, in a case where plaintiff has obtained possession of the property under the writ but does not prevail at the trial, to render a judgment for the possession or recovery of the possession, or for the value of the property, as the facts in the case warrant.

2. EVIDENCE—Admissions—Affidavit by Party. The affidavit made by the plaintiff in an action in replevin, while not conclusive, is competent evidence against the plaintiff as to the value of the property named therein, and plaintiff will not be heard to object to its competency nor to deny the truthfulness of the same when offered for that purpose.

3. INTOXICATING LIQUORS — Forfeitures — Judgment. A judgment entered by a justice of the peace in a proceeding begun and carried on under the provision of section 5, art. 3, c. 69, Sess. Laws 1907-08 (section 4184, Comp. Laws 1909), where all the acts and proceedings are regular and not in any manner disputed or impeached, and the notice required by statute has been duly given and a hearing had as required by law, is a judgment in rem and fixes the status of the thing seized and renders it ipso facto what it declares it to be.

4. SAME—Vacation of Judgment. In such an action, after a judgment of forfeiture has been duly and regularly entered by the justice, and the property seized and forfeited has been disposed of by order of the court in accordance with the terms of the statute and said order has been executed, the justice court thereupon loses jurisdiction of the subject-matter and can make no further orders in the case.

5. SAME — Searches and Seizures — Vacation of Judgment. The owner of the beer seized through a search and seizure warrant as provided by section 5, art. 3, c. 69, Sess. Laws 1907-08 (sec-

tion 4184, Comp. Laws 1909), may, any time before final judgment is entered, appear and interplead and claim his property, and will be let in and recognized as a defendant, but he will not be heard, nor will a motion to vacate such judgment be entertained by the justice, after a final judgment has been entered and the beer thus seized and forfeited has been disposed of according to the provisions of the statute.

6.    SAME—Seizure—Replevin. Replevin will not lie to recover a quantity of beer from an officer who holds the same under a search and seizure warrant issued under the provisions of section 5, art. 3, c. 69, Sess. Laws 1907-08 (section 4184, Comp. Laws 1909), nor from a common carrier who has received it from such officer for the sole and only purpose of carrying the same to a superior officer under an order of a court of competent jurisdiction; the delivery by the inferior officer of the beer to the carrier for transportation is a delivery to a superior officer, the provisions of section 4186, Comp. Laws 1909, being applicable to all officers charged with the duty of handling such liquor.

(Syllabus by Robertson, C.)

*Error from District Court, Oklahoma County;*
*R. H. Loofbourrow, Assigned Judge.*

Action by W. C. Stiller against the Atchison, Topeka & Santa Fe Railway Company and C. T. Warden. Judgment for defendants, and plaintiff brings error. Affirmed.

On September 22, 1908, a consignment of 71 casks of beer was seized at Oklahoma City by C. T. Warden, a state enforcement officer, by virtue of a warrant regularly issued by Edward Dewes Oldfield, justice of the peace in and for said city, on a complaint filed under and by virtue of the provisions of section 5, of article 3, ch. 69, Sess. Laws 1907-08 (section 4184, Comp. Laws 1909). The beer was delivered into the possession of the court, and the date for the hearing on the complaint and the officer's return was fixed for the 15th day of October, 1908, and notice given as required by law. The action was against the liquor itself, a proceeding *in rem,* and no defendant was named in any of the papers. On the day fixed by order of the court for the hearing, no one appearing to claim the beer, the court, after consideration of the subject-matter, entered an order and judgment forfeiting the same to the state, and ordering the officer to deliver the same to the agency superintendent at Guthrie as required by the statute under which said proceedings were

instituted and carried on. The officer pursuant to such order delivered the beer to the Atchison, Topeka & Santa Fe Ry. Co. with instructions to forward the same to Hon. R. E. Lozier, agency superintendent at Guthrie. The railway company accepted the shipment for that purpose. On October 17, 1908, two days after the judgment of forfeiture had been entered and after the beer had been delivered to the carrier for shipment to the agency superintendent as aforesaid, the plaintiff, W. C. Stiller, filed his motion and affidavit in the justice court claiming to be the owner of the beer in question, and offering to confess judgment for accrued costs, and asking that the judgment of forfeiture, theretofore entered, be vacated and set aside and the beer returned to him. The justice, over the objection of the state which appeared specially only for the purpose of questioning the jurisdiction of the justice of the peace over both the persons and subject-matter, vacated the order and judgment of forfeiture and ordered the beer returned to the plaintiff. The officer, however, in the meantime having delivered the beer to the carrier, could not comply with the last-named order of the court, whereupon the plaintiff replevined the beer, naming as defendants the officer who served the search warrant and also the railway company. The officer answered by a general denial, and in addition thereto alleged that he had delivered the beer to the railway company for transportation to the agency superintendent pursuant to the order of the court, and that the same was not in his possession at the time the writ was served on him, and that he had no interest in the same, and prayed for a dismissal of the cause as to him. The railway company answered and alleged that it held possession of the beer as a common carrier for the sole and only purpose of transporting the same from Oklahoma City to the agency superintendent at Guthrie, having received it for such purpose from its codefendant, the officer hereinbefore named, and in addition thereto pleaded a general denial. The cause was tried to the court without a jury, and a judgment was rendered in favor of the defendants in the sum of $725, the value of the beer—the court ascertaining from the

evidence that no return thereof could be made—and from this judgment the plaintiff appeals.

*E. G. McAdams,* for plaintiff in error.

*Fred S. Caldwell,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above). Counsel for plaintiff in error urges a reversal of the judgment herein for that there is no testimony in the record sufficient to warrant a finding by the trial court that the defendant in error the railway company was damaged in the sum of $725 by the taking of the beer under the writ; it having only a special ownership therein. We cannot agree with counsel in this contention. The railway company held this beer as a common carrier only, with instructions from the officer from whom it received the same to carry and deliver the same to the agency superintendent at Guthrie, who under the law was the legal custodian thereof and the agent of the state, which was then the owner of the beer.

"Delivery of personal property to the common carrier for transportation to the vendee, whether in accordance with his expressed or implied instructions, is a delivery to the vendee's agent and equivalent to a delivery to the vendee himself." (*Colcord v. Dryfus,* 1 Okla. 228, 32 Pac. 329.)

While no effort was made to substitute the agency superintendent as a party defendant in the place of the railway company, yet the railway company under the facts of this case, having appeared and defended for the agency superintendent, would be liable to the agency superintendent for the value of the beer in case of a wrongful failure to deliver the same. The undisputed facts as disclosed at the trial by the testimony of the plaintiff himself show that the beer was sold by the plaintiff shortly after the service of the writ and long before the trial, to the Heim Brewing Company, Kansas City, Mo., and the record further shows that the sale was made at Oklahoma City and the beer shipped to the Heim Brewing Company at Kansas City, and the court, sitting without a jury, found it unnecessary to render an alternative judgment, knowing that a return of the beer could

not be had for the reasons above stated, hence there is no force in the further contention of counsel for plaintiff that the judgment was contrary to the provisions of section 5696, Comp. Laws 1909, which provides:

"In an action to recover the possession of personal property, judgment *may* be for the possession, *or for the recovery of the possession, or for the value thereof, in case a delivery cannot be made,*" etc. (Italics ours).

Counsel insists that, before any judgment for the value of the property could be entered in favor of the defendants, it must have prayed for a return of the property. But this is not the law. In replevin, the gist of the action is the wrongful detention of the property, and the burden is on the plaintiff to make out his case to the satisfaction of the court or jury, and a general denial puts every question in issue and is sufficiently comprehensive to enable the defendant to avail himself of any defense he may have to the claim of the plaintiff; the theory of the law being that the plaintiff must recover on the strength of his own case and not on the weakness of his adversary's. Therefore the court, sitting without a jury and hearing the plaintiff admit that he had sold the beer before the trial, could not render a judgment for the return thereof, but could only render a judgment for the value of the property taken.

Counsel further contends that there was no competent evidence offered at the trial as to the value of the beer, and that therefore the court could not render a judgment in the sum of $725 against the plaintiff, and that the court also erred in admitting as evidence the replevin affidavit showing the value of the beer. Ordinarily such evidence would be inadmissible, but not so in the case at bar,.for here the plaintiff by affidavit made solemn admission that the beer was of the value of $725 as shown in the affidavit of replevin. This was an admission against interest, and he is therefore estopped from denying the truthfulness of the affidavit he made and filed in the case. Besides it has been repeatedly held, and the rule is well established, that, under circumstances similar to those in this case, the affidavit in replevin is competent evidence and the court will take judicial notice of its contents. Cobbey on Replevin, sec. 345, and cases

cited there.   Shinn on Replevin, secs. 993 and 998, and cases cited there.   In this case the affidavit was duly offered to and accepted by the court as evidence and was in no wise disputed by plaintiff except by objection as to its competency, which was properly overruled by the court.

There is another phase of this case that demands our attention and which is urged by counsel for the plaintiff in his brief.   The state contends that, the judgment of forfeiture entered by the justice of the peace being one *in rem* and not one *in personam,* said justice had no power or authority to entertain plaintiff's motion to vacate, and that such act on his part was null and void, and that therefore the action in replevin would not lie.   It is urged by the plaintiff that the motion to vacate is authorized by section 6380, Comp. Laws 1909, which reads as follows:

"When a judgment shall have been rendered against a defendant, in his absence, the same may be set aside upon the following conditions:   First.   That his motion be made within ten days after judgment was entered.   Second.   That he pays or confesses the judgment for costs awarded against him.   Third. That he file an affidavit that he has a just and valid defense to the whole, or some part, of the plaintiff's claim.   Fourth. That he notifies, in writing, the opposite party, his agent or attorney, or causes it to be done, of the opening of such judgment, and of the time and place of the trial, at least five days before the time, if the party resides in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial."

It will be noted, however, that Stiller was not a "defendant" in the proceedings before the justice.   He was not a party to that transaction in any wise or manner, although the record (page 44) *discloses that he knew the beer had been seized the day it arrived in Oklahoma City;* a fact worth remembering in this connection.   Good faith at least required that he should enter his appearance in the justice court and claim his property promptly or give some reasonable excuse for his failure to do so.   The seizure occurring on September 22d, and Stiller having knowledge of the same and yet waiting until two days after the rendition of the judgment of forfeiture, or a total of

25 days, before claiming the beer, marks this phase of the case as most peculiar. Had he made appearance before the justice court before judgment with request for leave to interplead, he would be warranted in assuming the position of "defendant" and the law would treat him as a "defendant," and the provision of section 6380, *supra,* would apply. Under the facts of this case, however, this section of the statute has no application.

A judgment *in rem* has been well defined by Hall, J., in *Woodruff v. Taylor,* 20 Vt. 65, where it is said:

"A judgment *in rem* I understand to be an adjudication pronounced upon the status of some particular subject-matter by a tribunal having competent authority for that purpose. It differs from a judgment *in personam* in this, that the latter judgment is in form as well as substance between the parties claiming the right, and that it is so *inter partes* appears by the record itself. A judgment *in rem* is founded on a proceeding instituted, not against the person as such, but against or upon the thing or subject-matter itself whose state or condition is to be determined. It is a proceeding to determine the state or condition of the thing itself, and the judgment is a solemn declaration of the status of the thing and it *ipso facto* renders it what it declares it to be."

See, also, *Street v. August Ins. & Banking Co.,* 12 Rich. (S. C.) 13, 75 Am. Dec. 714, and the extensive note at pages 720 to 725 in the American Decisions Report; *State v. Barrells of Liquor and Pecker et al., Claimants,* 47 N. H. 369, 374; *Kirkland et al. v. State,* 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. Rep. 25, 2 Ann. Cas. 242, and note at pages 245, 246.

Freeman on Judgments, sec. 606, reads as follows:

"As a judgment which is strictly *in rem* binds all persons, whether named as parties therein or any anterior part of the record or proceedings or not, it must follow that the proceedings must be such as may indicate to all persons that their interest in the subject-matter is or may be imperiled, and that they may appear at some time and place for the purpose of making known and protecting their interests; for, as against claimants having no notice of the proceeding and no opportunity to be heard, it is not judicial in its character, and whatever may be determined against them is not entitled to respect as a judgment. We therefore suggest that a judgment is *in rem* when-

ever the process and proceedings are such as to warn all persons that the court may render judgment affecting certain property and their interests therein, and that they must, at or within a time specified, appear before the court if they wish to protect those interests from judicial condemnation.  The fact that under the mode of serving process provided by law some claimant or even all claimants of the property do not receive actual notice of the proceeding will not prevent the judgment from operating *in rem* if the mode adopted was reasonable under the circumstances and calculated to give notice to the claimants, and the process was such as that the claimants, had it been seen by them, should have known therefrom that their interests were or might be imperiled, and that they might be heard for the preservation of such interests."

And section 611 of the same volume reads as follows:

" *  *  *  A judgment *in rem,* at least when against any thing, binds the *'res* in the absence of any personal notice to the parties interested.'  Those parties, even in the absence of personal notice, are to be regarded as parties to the suit.  It is more accurate to say that the parties in interest are bound by the judgment though they have no actual notice.  The mere seizure of property does not confer jurisdiction upon the court to proceed to judgment.  'A sentence rendered simply from the fact of seizure would not be a judicial determination of the question of forfeiture, but a mere arbitrary edict of the judicial officer.  The seizure in a suit *in rem* only brings the property seized within the custody of the court and informs the owner of that fact. The theory of the law is that all property is in the possession of its owner, in person or by agent, and that its seizure will therefore operate to impart notice to him.  Where notice is thus given, the owner has the right to appear and be heard respecting the charges for which the forfeiture is claimed.  That right must be recognized and its exercise allowed before the court can proceed beyond the seizure to judgment.  The jurisdiction acquired by the seizure is, not to pass upon the question of forfeiture absolutely, but to pass upon that question after opportunity has been afforded to its owner and parties interested to appear and be heard upon the charges.  To this end some notification of the proceedings beyond that arising from the seizure prescribing the time within which the appearance must be made is essential. Such notification is usually given by monition, public proclamation, or publication in some other form.  The manner of the notification is immaterial, but the notification itself is indispensable.'  It is further essential that the court have jurisdiction over

thé subject-matter, and whether it has such jurisdiction must, as in the case of judgments *in personam,* be determined by the laws creating the court and designating its general authority, or if the court acted under some special statutory authority, the statute conferring it must be examined to ascertain whether and to what extent the court was authorized to act."

In 23 Cyc. at page 1408 is found the following:

"A judgment *in rem* is conclusive and binding 'upon all the world'; that is, upon all persons who may have or claim any right or interest in the subject-matter of the litigation. Like other judgments of competent courts it is not open to collateral impeachment; it may be pleaded in bar of another action upon the same subject-matter if its effect is to merge a distinct cause of action, and it will operate as an estoppel in a subsequent action in respect to the points or questions adjudicated."

The justice court being clothed with complete jurisdiction of the subject-matter, and all of its acts being regular and not impeached in any way, and the proceeding being one especially authorized by statute, and the judgment being *in rem* and not *in personam,* and the notice required by statute having been duly given, compels us to say that the motion to vacate came too late; the justice having lost jurisdiction of the subject-matter, especially in view of the fact that the beer had been delivered to the carrier for transportation to the agency superintendent at Guthrie.

At this point another question arises upon the face of the record which requires attention. The officer seizing the beer under the search warrant, after the judgment of forfeiture had been entered, delivered the beer under the order of the court to the agency superintendent, his superior officer. Section 4186, Comp. Laws 1909, reads as follows:

"No liquors, vessels, fixtures, furniture, or other property seized by virtue of any warrant issued under the provisions of this act, shall be taken from the possession of the officer seizing same under any replevin or other process."

After the judgment of forfeiture had been entered, and Warden, the enforcement officer, had been ordered to deliver the liquor to the agency superintendent, replevin would not lie to take it from him, neither would it lie to take it from the agency superintendent, and it would simply be a waste of time and

Stiller v. Atchison, T. & S. F. Ry. Co. et al.

words to argue that replevin would lie to take such property from the superior officer when it would not lie to take it from the inferior officer. It was the intention of the Legislature to prevent interference by replevin actions with intoxicating liquors, etc., while in the custody of the officer under process of law, and this action comes clearly within the inhibition of that statute, and replevin was not the proper remedy, even assuming that plaintiff had a remedy at all under the facts of the case, which assumption we do not concede. The evidence in this case also discloses that the beer was brought with intent to use the same in the manufacture of "near beer," and, while the proof that such use was illegal is not as strong and conclusive as might be desired, it is very clear that the trial court might have decided that such was the intent of the plaintiff, and, had the decision turned on this question, the judgment would not be disturbed, for there is some evidence tending reasonably to support such finding of fact.

Looking at this case from every possible viewpoint, we cannot see wherein plaintiff has any reason to complain..

There being no error in the record sufficient to warrant a reversal of the case, the judgment of the district court of Oklahoma county should be affirmed.

By the Court: It is so ordered.