**DRUMRIGHT et al. v. BROWN et al.**

No. 9394.—Opinion Filed July 15, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

1. **Contracts—Time as Essence of Contract —Interest.**

Section 968, Rev. Laws of 1910, provides: "Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

Although no particular form of expression is necessary, it must appear from the plainly expressed provisions contained in a contract, independent of all extraneous matter or circumstances, that it was the intention of the parties thereto that time should be of the essence thereof.

**2. Same—Evidence—Preliminary Negotiations.**

Where plaintiffs allege that time is of the essence of a contract, and it does not so appear from the expressed provisions thereof, plaintiffs are not prejudiced by permitting defendants to introduce testimony concerning the negotiations leading up to the execution of the contract for the purpose of showing the intention of the parties thereto; but such preliminary negotiations may not be considered for the purpose of varying or contradicting the plain terms of the instrument.

**3. Same—Railroad Bonus Contract—Enforcement.**

Failure to complete a railroad within the time specified in the contract will not defeat the recovery of money deposited in escrow as a consideration for the construction of the road, where time is not shown by the expressed provisions of the contract to be of the essence thereof, and where in all other respects there has been a compliance with its terms.

Error from District Court, Muskogee County; R. P. deGraffenreid, Judge.

Action by Aaron Drumright and others against Frank Brown and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Earl Foster and Dillard, Allen & Dillard, for plaintiffs in error.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for defendants in error.

RAINEY, J. Aaron Drumright et al., citizens of Drumright, Okla., brought action against Frank Brown, R. D. Long, and the First National Bank of Muskogee to recover $25,000 deposited by plaintiffs in escrow in said bank, subject to the terms of a written contract entered into between plaintiffs and defendants, wherein it is provided that defendants Brown and Long shall procure the construction by the Oil Fields & Santa Fe Railway Company of a road from Pemeta, Okla., into and through the town of Drumright; said road to connect with a line already built from Cushing, Okla., to Pemeta, Okla., and with the line from Jennings and Oilton, Okla. It was also provided therein that the construction of the line of railway into the town of Drumright from the town of Pemeta should be completed by the 1st day of July, 1915, and from Jennings and Oilton not later than the 1st day of September, 1915. The fourth section of article 1 of the contract provides:

"If the completion of said line (Jennings and Oilton to Drumright) is delayed to a date later than September 1, 1915, on account of the failure to secure right of way on which to build the same, then the time to complete the same shall be extended after September 1, 1915, equal to the period of such delay."

It is further provided in said contract that the time limit for the construction of said line of railway shall not be binding in the event the construction is delayed on account of failure to get right of way over which to build the road, "provided such failure is caused by delays occasioned by legal proceedings which are being prosecuted with reasonable vigor and dispatch." The road into Drumright from Pemeta was completed by July 1, 1915, but the line from Jennings and Oilton to Drumright was not completed until November 14, 1915.

Plaintiffs contend that time was of the essence of the contract, and that the failure to complete the road from Jennings and Oilton to Drumright by the date of September 1, 1915, constitutes a breach of the contract and a forfeiture of the $25,000 now on deposit in the First National Bank of Muskogee. Section 968, Rev. Laws of 1910, provides:

"Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

See Snyder v. Stribling, 18 Okla. 205, 89 Pac. 233, affirmed in Snyder v. Rosenbaum, 215 U. S. 261, 30 Sup. Ct. 73, 54 L. Ed. 186.

Although no particular form of expression is necessary, it must appear from the plainly expressed provisions of the contract, independent of all extraneous matter or circumstances, that it was the intention of the parties thereto that time should be of the essence thereof. Standard Lumber Co. v. Miller & Vidor Lbr. Co., 21 Okla. 617, 96 Pac. 761; Wiebener et al. v. Peoples, 44 Okla. 32, 142 Pac. 1036, Ann. Cas. 1916E, 748; Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023.

Plaintiffs allege error, in that the trial court permitted defendants to introduce testimony as to the negotiations leading up to the signing of the contract; the purpose of this testimony being to show that the parties to the contract did not have in mind making time as of the essence thereof. A literal interpretation of the statute would preclude plaintiffs' recovery on the theory that time is of the essence of the contract, because it was nowhere shown that time was stipulated to be of the essence thereof. It is therefore difficult to see wherein plaintiffs could be prejudiced by the introduction of testimony tending to show what importance the parties attached to the date specified for the completion of the road. In case of doubt as to

the meaning, all the negotiations between the parties should be considered in construing a contract. 13 Corpus Juris, 544, sec. 515, and cases therein cited; Lamont Gas & Oil Co. v. Doop & Frater, 39 Okla. 427, 135 Pac. 393; Farley v. Board of Education, 62 Oklahoma, 162 Pac. 797; Bearman v. Dux Oil & Gas Co., 64 Oklahoma, 166 Pac. 199.

The rule, however, is that, whereas preliminary negotiations between the parties to a contract may be considered for the purpose of determining their meaning and intention, they may not be considered for the purpose of varying or contradicting the plain terms of the instrument. 6 Ruling Case Law, 229, sec. 228. Under section 968, Rev. Laws of 1910, heretofore quoted, the plaintiffs assume the burden of proving time to be of the essence of the contract, unless they can point out wherein by its terms it is expressly so provided, and it was not error for the trial court to permit defendants to introduce testimony as to the preliminary negotiations leading up to its execution.

The trial court found that time was not of the essence of the contract, and, after a careful reading of the counsel's briefs and a review of the evidence in the record, we are of the opinion that the trial court was correct in its findings of fact and conclusions of law. While the testimony, in some respects, is conflicting, it strongly indicates that the primary object of the citizens of Drumright was to secure the construction of a railroad into the city at a reasonably early date. A road had been constructed from Cushing east to Pemeta, and there was danger, if a line was not built into Drumright, that business would be drawn away from Drumright to Pemeta, and that eventually the industries and inhabitants of Drumright would locate at Pemeta, where shipping facilities could be had. The closing of the contract to construct the road into Drumright from Pemeta removed the fear that people would move from Drumright to Pemeta, and the construction of the road into Drumright from Pemeta destroyed the chance of a rival town at Pemeta, thus securing to Drumright the primary advantage which it was hoped to gain by the contract. The trade advantage coming to Drumright from the north and east through a road from Jennings and Oilton, and the advantages which Drumright would have over Oilton as a trade center from such road, seem to have been a secondary consideration. The time of the completion of the road from Jennings and Oilton to Drumright, therefore, does not seem to have been considered of the essence of the contract.

Plaintiffs also allege error, in that the trial court permitted testimony to be introduced as to the difficulties encountered in the construction of the road and the conclusion of law that the road was completed within a proper extension of time by reason of the failure to secure right of way owing to the impossibility of securing actual possession thereof for the purpose of constructing said road. Inasmuch as we have held that time was not of the essence of the contract, it is unnecessary to discuss that feature of the case. We are convinced, however, that the road was completed within a reasonable time, and, if there was a compliance with the contract in all other respects, the failure to complete the road by the date specified, time not having been shown by the expressed provisions of the contract to be of the essence thereof, plaintiffs cannot defeat the recovery by the defendants of the money deposited in escrow awaiting the contingency of the completion of the road.

It is significant that, although plaintiffs now contend that time was of the essence of the contract, no complaint was made until the road had been constructed. It is admitted that the line had not been laid into Drumright from Jennings and Oilton until November 1st, and that the road was not actually completed and freight and passenger traffic commenced thereon into Drumright until November 14th. Plaintiffs notified the bank on November 5, 1915, not to pay over the money to defendants Brown and Long. If plaintiffs had regarded time as of the essence of the contract, such notice would probably have been given not later than September 1, 1915.

The case of Cooper v. Ft. Smith & W. R. Co., 23 Okla. 139, 99 Pac. 785, cited by counsel for plaintiffs, is clearly distinguishable from the case under consideration, for therein it was held that it was the intention of the parties to the contract to make time the essence thereof. The finding of the trial court herein, which is sustained by the terms of the contract and by the testimony, was that it was not the intention of the parties to make time of the essence of the contract. Likewise other cases cited by plaintiffs in error are distinguishable from the case under consideration.

The conclusion we have reached renders it unnecessary to consider other errors alleged by plaintiffs.

The judgment of the lower court is accordingly affirmed.

OWEN, C. J., and KANE, HARRISON, and JOHNSON, JJ., concur.