## ROTH v. ROACH.

No. 13501—Opinion Filed Dec. 15, 1925.

1. **Justices of the Peace—Time for Appeals —Statutes.**

Appeals from judgments or final orders of justice of the peace courts to the district, superior, or county court, under sections 999, 1000, and 1001, are subject to the six months' limitation provided in section 798, C. S. 1921, but appeals under chapter 4, art. 9, C. S. 1921, are not subject to this limitation.

2. **Evidence—Contracts—Parol Evidence of Agreement Changing Written Contract.**

In the absence of fraud, mistake, or ambiguity, the terms of a written contract cannot be changed by a verbal agreement, and where the terms of a written contract are drawn in issue, it is error for the court to allow verbal testimony introduced tending to prove or disprove the terms thereof.

3. **Sales — Delivery F. O. B.—Nonliability of Seller for Damages in Transit.**

When goods are sold to be delivered to the buyer f. o. b. factory, the title passes to the buyer upon the delivery to the transportation company, and the seller is not liable for any damages in transit, and it is no defense in a suit for the purchase price that the goods were damaged in transit, and it is error to allow testimony tending to prove the goods were damaged in transit.

4. **Trial—Instructions Not in Conformity with Evidence—Breach of Contract.**

Where there is no competent evidence of a breach of a written contract, which is the basis of the action, it is error for the court to instruct the jury that if they find from the evidence that plaintiff was the first to breach the contract, then the plaintiff cannot recover.

4a. **Same—Objection to Instruction—Cure of Error by Correction.**

Where the law applicable is defectively stated in the instruction given, it may be corrected or substituted by an instruction offered by the party complaintng, and, in such case, objection to the defective instruction cannot be urged on appeal without the correction is offered, but where the instruction is outside the material issues in the case, it is enough to object to it without offering a correction or substitute for it.

5. **Sales—Shipment of Less Than Ordered —Waiver by Buyer.**

Where the buyer orders a certain quantity of goods, and the seller notifies him that he is shipping him a less amount, and the buyer makes no objection until after the goods are received and found to be in a damaged condition, in an action to recover the purchase price it is no defense that the seller breached the contract by shipping a less quantity than ordered.

6. **Sales—Time not of Essence—Reasonable Time for Delivery.**

Time is not the essence of a contract which specially provides that the dates of shipment and delivery are not guaranteed. The rule of reasonable time applies.

7. **Trial — Erroneous Instruction Outside Evidence—Business Customs.**

It is error for the court to instruct the jury: "That the customs by which the plaintiff conducts his business or the customs of these concerns engaged in the same line of business as the plaintiff is in no way binding upon the defendant," where there is no competent evidence upon which to base it.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by John H. Roth, a sole trader, doing business as John H. Roth & Company, against Ella Roach. Judgment for defendant, and plaintiff appeals. Reversed and new trial ordered.

Harris & Withington and Floyd Wheeler, for plaintiff in error.

A. L. Emery, for defendant in error.

Opinion by THREADGILL, C. On July 13, 1920, plaintiff in error, as plaintiff, filed suit in the justice of the peace court of Okmulgee district, Okmulgee county, against the defendant in error, as defendant, to recover the sum of $125.24 on account for goods, wares and merchandise sold and delivered to defendant. The defendant filed an answer and cross-petition. In the answer defendant admitted that she entered into a written contract with plaintiff for the purchase and shipment of a bill of dolls. The contract was made September 18, 1919, and she alleged that it was agreed at the time of making the contract that the shipment was to be made by plaintiff within four weeks and in no event less than six weeks from date of the contract. That plaintiff had violated the terms of the contract in not making the shipment until November 6, 1919, and further violated the contract in not shipping three dolls of the various kinds ordered in the contract, and by shipping only two of each kind. That the shipment was not received by her until December 6, 1919, and when received the dolls were ruined, water-soaked, and worthless. She denied any liability. The cross-petition asks for damages by reason of loss of trade and profits. On August 17, 1920, the cause

was tried and judgment rendered for defendant. On August 27, 1920, plaintiff filed an appeal bond, which was approved by the justice of the peace and the appeal "allowed in the district court." On April 8, 1921, the transcript was filed in the district court. On May 27, 1921, defendant made a special appearance and moved to dismiss the appeal on the ground that the transcript of the justice of the peace was not filed in the district court within six months from the date of the judgment appealed from. On June 18, 1921, this motion was overruled and defendant excepted. On October 24, 1921, defendant made a special appearance and filed objection to the jurisdiction of the court, alleging as ground that the appeal was not filed in the district court within six months from date of the judgment appealed from —"all on account of the neglect and fault of the plaintiff." On October 28, 1921, the cause was called for trial and the court heard evidence as to the date of the judgment of the justice court, the fact of the appeal bond, its date and approval. The justice of the peace testified from his docket, and stated that he had no definite recollection as to what he did with the transcript after preparing it, but stated that the last entry he made in the case as shown by his docket was as follows: "September 1, 1920, transcript prepared and given to C. L. Harris." C. L. Harris was plaintiff's attorney. C. L. Harris testified that sometime prior to April 8, 1921, he went to the clerk's office to ascertain the condition of the case preparatory to placing it on the docket for trial, and the clerk could not find it. He then went to see the justice of the peace, and found it in his office and took it to the clerk's office and put up the costs and filed it. This testimony was not denied. Thereupon, the court overruled the objection to the jurisdiction, and defendant excepted. On the same date the cause was tried to a jury and resulted in a verdict and judgment in favor of defendant, and plaintiff has appealed to this court.

1. At the threshold of our consideration, the defendant presents the question of jurisdiction. and says that the district court did not have jurisdiction for the reason the transcript of the justice of the peace was not filed in said court within six months from the date of the judgment of the justice of the peace, and, therefore, this court has no jurisdiction. It is urged that section 798, Compiled Statutes 1921, which provides that "All proceedings for reversing, vacating or modifying judgment or final orders should be commenced within six months from the rendition of the judgment or final

order complained of," is applicable to judgments and final orders of justices of the peace. We think this is true in part, but not to the extent complained of by defendant.

Under chapter 4, art. 7, Compiled Statutes 1921, regulating the procedure for justice of the peace courts, sections 999, 1000, and 1001 provide for an appeal by bill of exceptions. These sections seem to have been adopted from the state of Kansas, and were in full force in Oklahoma Territory before statehood, and on coming in of statehood were made a part of the state law. It will be observed that the bill of exceptions provided for must be signed by the justice of the peace within ten days from date of the judgment. No bond or affidavit is required in taking the appeal. It is sufficient to file the bill of exceptions with the clerk of the appellate court. Under sections 807 and 808, Compiled Statutes 1921, this method of appeal is treated as a proceeding in error, like appeals to the Supreme Court, and under section 798, the time for taking such appeal is limited to six months. Cavender v. Ingram, 70 Okla. 287, 174 Pac. 751. It is also like appeals to the Supreme Court in the method of staying the execution. Section 799. Under this method of appeal the appellate court passes only on the errors presented by the bill of exceptions, and affirms or reverses the judgment or final order of the justice court as provided in sections 807 and 808. To this extent chapter 3, art. 25, Compiled Statutes 1921, is applicable to appeals from justice courts to the district, superior, or county courts. It will be further observed that this method of appeal is for the purpose of reversing, vacating, or modifying the judgment or final order of the justice court and the six months provided for in section 798 is applicable as indicated by the language used.

But there is another method of appeal provided for by the justice procedure that is not governed by the last sections above referred to. This method of appeal is set out in sections 1009 to 1021, inclusive, Compiled Statutes 1921. This appeal is not in the nature of a proceeding in error and for the purpose of reversing, vacating, or modifying the final judgment or order of the justice court, but in the nature of transferring the cause to the appellate court to be tried de novo, on the merits, as if the cause had not originated in the justice court. It takes a bond as provided for in section 1010, as a prerequisite to the appeal, and to give the appellate court jurisdiction. This bond answers for the court. Holmes v. Offield,

22 Okla. 552, 98 Pac. 341. It is also a supersedeas bond, and, upon being filed with the justice of the peace, stays all further proceedings in the justice court. It is made the duty of the justice of the peace to deliver the bond, the transcript, and all the papers of the case, to the clerk of the court on appeal and within 20 days from the rendition of the judgment, but this court has held, if this is not done within 20 days, the failure is no ground for dismissing the appeal. C., R. I. & P. Ry. Co. v. Elsing, 52 Okla. 329, 152 Pac. 1091. Thus it appears, from the nature of this method of appeal and the complete provisions for taking the same in the justice of the peace practice, it is not subject to the provisions of chapter 3, art. 25, under Appeal and Error of Compiled Statutes 1921, fixing the time at six months for commencing "all proceedings for reversing, vacating, or modifying judgments or final orders," and, since the appeal in the instant case was one from the justice court to the district court under art. 9 of chapter 4, Compiled Statutes 1921, it must be held that defendant's contention as to jurisdiction is untenable.

2. This brings us to consider the merits of the case. Plaintiff contends that the defendant was permitted to testify to a verbal agreement between her and plaintiff's salesman, for taking orders, to the effect that the goods would be shipped to the defendant within 30 days, and says this was error. This contention must be sustained, as the written contract was binding between the parties and this contract specially provided that its terms could not be changed by verbal agreement. Cameron Coal & Mercantile Co. v. Universal Metal Co., 26 Okla. 615, 110 Pac. 720; 9 Encyclopedia of Evidence, page 487.

3. Plaintiff contends that the court committed error in permitting evidence to be introduced as to the damaged condition of the goods at the time defendant received them. We think this contention must be sustained, since, according to the nature of the contract, the title of the goods passed to the defendant upon delivery to the carrier by the plaintiff, and the carrier was the agent of defendant and liable for any damage in transit. Colcord v. Dryfus, 1 Okla. 228, 32 Pac. 329; Rose v. Woldert Grocery Co., 54 Okla. 566, 154 Pac. 531.

4. Plaintiff further complains that the court committed error in instructing the jury that if they found from the evidence that the plaintiff was the first to breach the contract between plaintiff and defendant, then the plaintiff could not recover from the defendant and the verdict should be for defendant. This instruction was clearly erroneous because there was no competent evidence upon which to base it. Of course, if the verbal testimony admitted by the court, to the effect that it was agreed otherwise between the parties than contained in the written contract, then this instruction would be correct, but holding as we do, that the testimony introduced tending to change the terms of the written contract was incompetent, this instruction was erroneous.

It appears from the record that plaintiff excepted to the giving of this instruction, but did not offer an instruction to correct it or as a substitute for it, and defendant contends that plaintiff is therefore not in a position to complain of the error. We do not see how the instruction could have been corrected or substituted, since there was no foundation for it and there was but one way of curing it, and that was by striking it out upon objection of plaintiff. Where the law applicable is defectively stated by the instruction given, it may be corrected or substituted by an instruction offered by the party complaining, and, in such case, objection to the defective instruction cannot be urged on appeal without the correction is offered, but where the instruction is outside the material issues in the case, it is enough to object to it without offering a correction or substitute for it.

5. It seems from the record that there was some variance in the amount of the goods ordered and the amount shipped and delivered. The plaintiff was not able to fill the order in two or three items in full and so notified the defendant before the goods were shipped or delivered, and the defendant made no complaint on this account until the goods were received and found to be in a damaged condition, and acceptance refused, but this variance would not be a defense to receiving and paying for the goods shipped and delivered. Kaw City Mill & Elevator Co. v. Purcell Mill & Elevator Co., 19 Okla. 357, 91 Pac. 1022; Cameron Coal & Mercantile Co. v. Universal Metal Co., 26 Okla. 615, 110 Pac. 720. We must, therefore, hold that when the parties signed the contract the same became binding upon both of them, and any material variance in the amount of goods shipped with notice does not release either party from the contract.

6. It is further shown by the record that the court instructed the jury that time was the essence of the contract sued upon, and that the contract must be performed by the plaintiff within the time designated in the said contract or defendant was not bound

to pay, and this was excepted to by plaintiff and urged as error. We think this contention should be sustained, because on the face of the written contract it was provided:

"Owing to possible delays in transportation and unavoidable delays of manufacture, the dates of shipment and delivery are not guaranteed."

The contract was therefore governed by the rule of reasonable time and not by the rule where time is provided as the essence of the contract. Section 5061, Compiled Statutes 1921, reads as follows:

"Time is never considered as the essence of the contract unless by its terms expressly so provided."

See, also, Snyder v. Stribling, 18 Okla. 205, 89 Pac. 222; Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023; Drumright v. Brown, 76 Okla. 162, 184 Pac. 110.

7. The court instructed the jury:

"That the custom or customs by which the plaintiff conducts his business or the customs of these concerns who engage in the same line of business as the plaintiff is in no way binding upon the defendant."

This instruction was erroneous because the contract was unambiguous and its terms fixed the liability of the parties, and there was no competent evidence upon which to base the instruction as to custom.

We are, therefore, of the opinion that the judgment of the trial court should be reversed and a new trial ordered.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 743, § 424. (2) 22 C. J. p. 1098, § 1459; anno 17 L. R. A. 270; 10 R. C. L. p. 1046. (3) 35 Cyc. pp. 316, 343; anno. 62 L. R. A. 802; 33 L. R. A. (N. S.) 54; 24 R. C. L. 45; 4 R. C. L. Supp. p. 1526. (4) 38 Cyc. p. 1624. (4a) 38 Cyc. p. 1638. (5) 35 Cyc. p. 203. (6) 35 Cyc. p. 175. (7) 38 Cyc. p. 1618. See under (4, 7) 14 R. C. L. p. 786; 4 R. C. L. Supp. p. 919; 5 R. C. L. Supp. 777.