WHITEHURST v. RATLIFF.

No. 32552. June 3, 1947.

*181 P. 2d 545.*

Roy Glasco, of Purcell, for plaintiff in error.

Luttrell & Luttrell, of Norman, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in favor of defendant in the district court of McClain county, in an action originally brought by the administrator of the estate of C. E. Whitehurst, for possession and ejectment of defendant from farm land. By appropriate order, prior to trial, Lonnie Whitehurst, wife of deceased, was substituted as the plaintiff.

June 9, 1941, C. E. Whitehurst and wife, plaintiff herein, entered into a contract for the sale of this farm to defendant. Soon after execution of the agreement Whitehurst died. Omitting nonessential portions, the contract of sale contained the following provisions:

"That the first parties have this day sold to the second party for a consideration of Six Thousand ($6,000.00) Dollars upon the terms and conditions hereinafter stated, the following described real estate, to-wit:" (Description of the property is omitted.)

"It is further agreed that a warranty deed executed by the first parties together with a copy of this contract shall

be placed in escrow in the McClain County National Bank of Purcell, Oklahoma.

"It is further agreed that said consideration of Six Thousand Dollars shall be payable at the rate of $300.00 per year, beginning on the 1st day of December, 1942, and all unpaid installments shall bear interest at the rate of four per cent (4%) per annum from this date; the second party agrees to pay all interest due on or before December 1, 1941, and thereafter shall pay all interest as it becomes due at the same time the payments on the principal are made; that is, on the 1st day of December of each year.

"It is further agreed that the second party shall pay the 1941 taxes on said real estate and shall be entitled to the immediate possession of the same. The second party further agrees to accept said title to said real estate in its present condition.

"It is further agreed that upon the failure of the second party to make said payments on the principal when due or to pay said interest when due or to pay the taxes on said property before the same become delinquent that in such event this contract shall become null and void at the option of the first parties, and any payments made shall be considered as rent for the use and occupation of said property from this date until such time as such default may be made, and said deed shall be re-delivered by the bank to the first parties and the first parties shall be entitled to the immediate possession of said real estate.

"It is further agreed that the second party shall have the privilege of paying off the balance of the purchase price of said real estate at any time by paying the interest accrued to the date of such payment and that whenever said principal and interest is paid in full said bank is hereby authorized and directed to deliver said deed to the second party and also deliver the abstract or abstracts to said property which are now in said bank to the second party. The first parties further agree and hereby order and direct that the McClain County National Bank of Purcell, Oklahoma, deliver said deed to the second party whenever he has fully performed this contract whether first parties be living or dead at that time."

August 22, 1942, the present action was filed seeking possession of the land, ejectment of the defendant, and appointment of a receiver to take possession of the land and handle same during pendency of this action. The petition alleged defendant had breached the contract and forfeited his rights thereunder by failing to pay taxes for 1941, and by failing to pay interest when due December 1, 1941; that defendant had never paid any part of the purchase price and under terms of the contract had lost all right to acquire title to the land, and that the plaintiff desired to exercise her right to declare the contract null and void. By agreement of the parties defendant was appointed receiver to handle the property and pay into court all profits during pendency of the action.

Defendant's answer admitted execution of the contract and possession of the land, and claimed equitable title and right to delivery of the deed upon payment of the purchase price. Further, that it was not contemplated that defendant would receive any income from the land during 1941, but defendant went into possession and made valuable improvements on the land during the year, and that he paid 1941 taxes, all of this prior to any notice plaintiff desired to terminate the contract. Defendant alleged that in the contract the parties really intended December 1, 1942, to be the first interest paying date and asked reformation of the contract to show this fact; that because of defendant's improvements, made with plaintiff's knowledge, the plaintiff should be estopped from declaring the contract at an end; that upon learning that plaintiff desired to cancel the contract defendant had offered to pay accrued interest to December 1, 1941. Defendant further tendered interest due to December 1, 1942, and all payments due on principal indebtedness, and further tendered the full purchase price of the land.

Defendant's cross-petition alleged the failure to pay taxes when due was unintentional; the failure to pay interest was because defendant, in good faith, understood the contract required payment on December 1, 1942; that time was not of the essence of the contract, the provisions for termination of same merely being to enforce prompt payment of taxes, interest and principal; that plaintiff was stopped from claiming the contract at an end, having waived strict compliance with terms thereof by permitting defendant to make improvements and plant crops after December 1, 1941; that defendant was entitled to be relieved from the threat of forfeiture, and have the contract reformed; and that he be allowed to discharge the contract, payment being tendered, and have the deed mentioned in the contract delivered from escrow as provided.

The foregoing constitutes the material pleadings and issues upon which the case was tried. The evidence showed that defendant went into possession of the land; that there were no crops on the land in 1941, but defendant rebuilt buildings and expended both labor and money in improving the land; in the fall of 1941 he went to Purcell for the purpose of paying the taxes but the tax rolls were not ready, but he did not return and pay the taxes in January, 1942. Between December 1, 1941, and the date this suit was filed he expended both time and money in ditching, draining and clearing the land, and at the time suit was brought had the major portion of the land in cultivation; that plaintiff gave him no notice of intention to terminate the contract; when suit was filed defendant attempted to pay all sums due and complete the contract but his offer was refused; defendant thereafter continuously tendered all money due under the contract, which plaintiff at all times refused.

Defendant offered testimony tending to show that in the negotiations leading up to the contract it was understood that no income would be received from the land in 1941, and that it was his honest understanding that the first payment of interest or principal was to be December 1, 1942, and that he at all times was able to and would have made payments December 1, 1941, had such been his understanding of the contract, rather than his belief that the first interest payment would be due in 1942.

Plaintiff's evidence was directed toward showing that the parties knew and understood that the first interest payment was due in 1941.

At the close of the evidence the trial court made findings of fact that defendant, in good faith, was mistaken as to the date the first interest payment was due and thought it to be December 1, 1942; that the 1941 taxes did become delinquent and were not paid until January, 1942; that defendant did not pay or offer to pay interest until after this action was brought, but such failure was due to misunderstanding, in good faith, and defendant would have paid the interest within time except for such misunderstanding; that defendant had gone into possession and improved the land and that neither the plaintiff nor the administrator, both of whom knew of defendant's activities, had given defendant any notice or demand to pay before instituting suit; that defendant had at all times tendered all sums due under the contract; that plaintiff knew or should have known defendant was expending labor and money for improvement of the land; and that plaintiff had waived strict compliance with the contract regarding the first payment of interest and taxes in 1941 by allowing defendant to improve the land, and was therefore estopped from claiming the contract terminated and void.

The trial court then concluded as a matter of law that time was not of the essence of the contract and the forfeiture provisions thereof were merely to enforce prompt payment, and payment of interest from the date due would compensate for want of prompt payment;

that even if time was of the essence of the contract, plaintiff's failure to promptly terminate the contract upon defendant's failure to pay taxes when due in 1941 was a waiver of plaintiff's right to terminate the contract for such failure, and subsequent thereto time was only material to the contract and would not be of the essence without notice to defendant fixing a reasonable time for performance; the stipulation of the contract as to payment was a condition subsequent and a court of equity could relieve defendant from forfeiture upon defendant's payment of the full amount due, since defendant's failure to pay was not intentional.

Further, defendant was entitled to judgment relieving him from the threatened forfeiture of his contract rights and equitable interest in the land upon payment by defendant of all sums due under contract; and that judgment should be rendered for defendant permitting him to pay all sums due under contract and have the escrow deed delivered to him, plaintiff to recover costs and attorney fee of $250.

Judgment was rendered accordingly in favor of defendant, and plaintiff now seeks reversal of such judgment. The various assignments of error upon which plaintiff predicates her claim for reversal are presented under a general argument, the basis of which are the contentions that: (1) time was of the essence of the contract; (2) that the contract gave defendant the right to acquire title to the property, but he was bound to strictly comply with the terms of the contract; and having failed to meet the requirements of the contract, he forfeited all his rights thereunder.

The plaintiff first urges that time was of the essence of this contract. Supporting this argument plaintiff cites Muir v. McCullah, 148 Okla. 52, 297 P. 257, and Harrell v. Clarke et al., 174 Okla. 623, 51 P. 2d 720, and similar cases from other jurisdictions, holding to the effect that no particular words or form of expression is necessary to make time of

the essence of a contract. Also relied upon is 66 C. J. § 257, p. 697, stating that whether such contract provisions make time of the essence of the contract depends upon the intention of the parties as shown by construction of the entire agreement, and that such provisions (option to declare contract terminated) usually indicate an intention that time shall be of the essence of the contract.

In the recent case of Stone et al. v. Ritzinger, 194 Okla. 653, 153 P. 2d 1006, we considered a contract containing essentially the same provision as that contained in the contract in the present case. Therein it was pointed out that in a contract which provides for termination at the vendor's option, rather than for automatic termination upon the vendee's failure to make payments, time is not made of the essence of the contract. Also see 66 C. J., Vendor & Purchaser § 358, p. 768; 55 Am. Jur., Vendor & Purchaser, § 109 et seq.

The rule announced in syllabus 1 of Drumright et al. v. Brown et al., 76 Okla. 162, 184 P. 110, announces the generally recognized rule applicable to the question:

"Although no particular form of expression is necessary, it must appear from the plainly expressed provisions contained in a contract, independent of all extraneous matters of circumstances, that it was the intention of the parties thereto that time should be of the essence thereof."

Examination of the entire contract does not disclose that the parties intended that time was to be of the essence of this contract.

Next to be considered is the question whether, since the contract gave defendant the right to acquire title to this property, he was bound to strict compliance with the terms of the contract, and having failed to meet the requirements of the contract, he thereby forfeited all rights thereunder.

The evidence established that defendant did not pay the 1941 taxes on the

date provided in the contract, but it likewise showed that defendant did, in good faith, attempt to comply with this requirement. The evidence further showed defendant did not make the first interest payment called for in the contract. However, there was testimony tending to establish that this was not a willful failure, but resulted from defendant's misconception and misunderstanding of what the contract provided. The question thus resolves itself into determining whether the failure to comply with the terms of the contract worked a forfeiture of defendant's rights thereunder. We are of the opinion they did not work a forfeiture of defendant's rights.

It is an established principle that equity, by reason of its general jurisdiction over forfeiture and penalties, can grant relief from the consequences of forfeiture and penalties. This is done upon the theory that a clause or provision of a contract providing for forfeiture upon nonpayment is merely considered as security for payment; and equity can grant relief from forfeiture by allowing adequate compensation. See 19 Am. Jur. § 88, Relief from Breach of Contract.

This rule is stated in 2 Pomeroy Equity Jurisprudence (5th Ed.) § 455, as follows:

"But when . . . the stipulation concerning payment is a condition subsequent, a court of equity has power to relieve the defaulting vendee from the forfeiture caused by his breach of this condition, upon his paying the amount due, with interest, because the clause of forfeiture may be regarded as simply a security for the payment. It is therefore held, in a great number of cases, that the forfeiture provided for by such a clause, on the failure of the purchaser to fulfill at the proper time, will be disregarded and set aside by a court of equity, unless such failure is intentional or willful. This conclusion is in plain accordance with the general doctrine of equity in relation to relief against forfeiture."

The last problem to be considered is whether, upon defendant's default, the plaintiff could maintain an action for possession based upon such default, without first evidencing an intention to terminate the contract by making reasonable notice or demand upon defendant for possession prior to bringing of the action.

Plaintiff urges that a demand or notice upon defendant prior to filing suit was unnecessary, and cites authorities to this effect. However, in each of these cases it is noted that time was of the essence of the contract.

In Stone et al. v. Ritzinger, supra, we considered the question of the necessity of notice of intention to rescind or forfeit a contract for default in the performance. Our holding therein is based upon what is acknowledged as the general rule that, unless notice is waived, it is necessary when time is not of the essence of the contract. See 66 C. J. 768.

In 55 Am. Jur., Vendor & Purchaser, § 441, the rule is stated as follows:

"The rule which accords with reason, justice and the weight of authority is that a vendor cannot, upon default of the vendee or transferee, giving a right of rescission or other cancellation of the contract, maintain a mere action for the possession of the property he had agreed to part with, founded upon such default, without first evidencing his election to terminate, and actually terminating, the contract relation, as by reasonable notice or demand for possession prior to commencement of the action, the contract not having been otherwise terminated. The rule rests upon the necessity of the plaintiff's showing that at the time of the commencement of the action, the defendant was wrongfully in possession, the mere default of the vendee not making his continued possession wrongful. . . ." Also see Simmons v. Harris, 108 Okla. 189, 235 P. 508.

The sufficiency of the evidence to sustain the trial court's findings is not questioned. Having determined that (1) time was not of the essence of the contract; (2) that defendant's failure to fully comply with the provisions of the

contract did not work a forfeiture of his rights; and (3) that plaintiff could not terminate the contract upon defendant's default without notice or demand for possession prior to commencement of the action, the judgment accordingly is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, and GIBSON, JJ., concur.