McLAUGHLIN *et al.* v. NETTLETON *et al.*

No. 5721. Opinion Filed May 11, 1915.

(148 Pac. 987.)

1. **ATTORNEY AND CLIENT—Contract of Attorney—Implied Obligations—Abandonment.** Upon undertaking to conduct a cause for a client, an attorney impliedly stipulates to carry it to its termination, and is not at liberty to abandon it without cause or reasonable notice.

2. **JUDGMENT—Vacation—Unavoidable Casualty—Fault of Attorney.** A petition to vacate a judgment by the court rendering the same, filed pursuant to section 5267, Rev. Laws 1910, after setting forth a defense to the action wherein the judgment was rendered, alleged in substance that the plaintiffs had employed counsel to represent them in the former case; that, in pursuance of said employment, said counsel entered his name as attorney of record for said plaintiffs and acted as such attorney until the issues had been made up; that on several occasions after the issues had been joined, and prior to the rendition of the judg-

ment and decree rendered against them, said plaintiffs appeared with their said counsel ready for trial, but for one reason or another said cause was continued from term to term; that finally said cause was set for trial on a day certain of a subsequent term of said court, of which action said plaintiffs had no notice; that, upon said cause being called for trial, said counsel for said defendants, in their absence and without cause, and without notifying his said clients of his intention so to do, or that their case had been set for trial at said term or on said day, arose in open court and announced that he withdrew from said cause as counsel for said defendants, whereupon the court, although said cause was at issue upon questions of fact decisive of the merits of said cause, rendered judgment and decree of foreclosure against said defendants. **Held,** that said petition stated facts sufficient to entitle the plaintiffs to the relief prayed for, upon the ground of unavoidable casualty preventing the plaintiffs from defending.

(Syllabus by the Court.)

*Error from District Court, Kiowa County;*
*G. A. Brown, Assigned Judge.*

Proceeding by Charles McLaughlin and others against Arthur E. Nettleton and others, to vacate a judgment. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with directions.

*Reardon & Hereford,* for plaintiffs in error.

*Hays & Hughes,* for defendants in error.

KANE, C. J.   This was a proceeding commenced under section 5267, Rev. Laws Okla. 1910, by the plaintiffs in error, for the purpose of vacating a judgment of one of the district courts of the state.   In the petition which was filed in the court by which judgment was rendered, the plaintiffs, after stating their defense to the former action, attempted to set forth facts constituting "unavoidable casualty or misfortune preventing the party from prosecuting or defending," one of the statutory grounds for vacating a judgment by the court rendering the same. The court below sustained a general demurrer to the petition filed in said proceeding, to reverse which action this proceeding in error was commenced.

We think the petition states facts sufficient to entitle the plaintiffs to the relief prayed for, and that it was error to sustain the demurrer thereto. The judgment and decree of foreclosure, which the plaintiffs seek to have vacated, was rendered in a suit to foreclose a real estate mortgage. The petition in this proceeding states that the plaintiffs in error herein, who were defendants in the foreclosure suit, had employed an attorney in good standing in the courts of this state and a resident of the county seat wherein said suit was pending to represent and protect their interests in said foreclosure proceeding; that, during the time said attorney had been acting as counsel for said defendants, the issues had been joined in said cause, said counsel filing therein an answer which stated facts sufficient to constitute a defense; that on several occasions after the issues had been made up, and prior to the rendition of the judgment and decree therein, the defendants had appeared with their said counsel ready for trial, but that said cause for one reason or another was continued from term to term; that finally said cause was set for trial on a day certain of a subsequent term of said court; that, upon said cause being called for trial on the regular assignment, said counsel for said defendants, in their absence and without cause, and without notifying his said clients of his intention so to do, or that their case had been set for trial at said term or on said day, arose in open court and announced that he withdrew from said cause as counsel for said defendants, whereupon the court, although said cause was at issue upon questions of fact decisive of the merits of said cause, rendered judgment and decree of foreclosure against said defendants.

The petition, after stating the facts substantially as above, further states in effect that they had no knowledge of the withdrawal of said attorney from said action, nor that any such withdrawal was contemplated; that, having

no notice that said cause was set for trial, they were not present, and, upon the court permitting their said attorney to withdraw as their counsel, they were left without representation and were unavoidably prevented from making any defense, inasmuch as the court proceeded immediately to render judgment against them upon the withdrawal of said attorney from said cause.

The court below was probably misled by the line of cases relied upon by counsel for defendants in error in their brief in this court, to the effect that a new trial ought not to be awarded on account of the negligence of the agent or attorney of the party applying for it. In our judgment, that is not the principle involved herein. If the allegations of the petition are true, and in considering the demurrer they must be taken as true, counsel employed by the defendants entirely misapprehended or disregarded his duty to his clients. Whilst the extreme limit in defending a client's interest advocated by Lord Broughham and Rufus Choate has not met with the universal approbation of the American and English bars, yet it is conceded that the relation of an attorney to his client is one of great trust and confidence, calling for the highest degree of good faith. Upon undertaking to conduct a cause for a client, an attorney impliedly stipulates to carry it to its termination, and is not at liberty to abandon it without cause or reasonable notice. In the case before us, according to the allegations of the petition, counsel for the defendants in a cause fully at issue, a good defense having been set up by answer, abandoned the cause of his clients without cause and without notice to them, at the very moment his services were most required. Judgments rendered in somewhat similar circumstances were vacated upon the ground of unavoidable casualty in the following cases: *Adams v. Rathbun,* 14 S. D. 552, 86 N. W. 62; *Simpkins v. Simpkins,* 14 Mont.

386, 36 Pac. 759, 43 Am. St. Rep. 641; *Utah Commercial & Savings Bank v. Trumbo,* 17 Utah, 198, 53 Pac. 1033.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to overrule the demurrer to the petition, and to proceed in accordance with the views herein expressed.

All the Justices concur, except BROWN, J., disqualified and not participating.