## LONSDALE et al. v. REINHARD.

No. 9240—Opinion Filed Dec. 17, 1918.

(176 Pac. 924.)

1. **Vendor and Purchaser — Purchaser in Possession—Default.**

A vendor may maintain an action in ejectment against a vendee in possession under an executory contract of purchase, when the vendee is in default.

2. **Trial—Directed Verdict—Undisputed Evidence.**

When the undisputed evidence shows that the vendee is in default and has been for a long time prior to the institution of the action and no defense is offered, it is not error to direct a verdict in favor of plaintiff.

(Syllabus by Davis, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Julia Reinhard against Eugene F. Lonsdale and another. Judgment for plaintiff on a directed verdict, motion for new trial overruled, and defendants bring error. Affirmed.

McGuire & Devereux and J. J. Henderson, for plaintiffs in error.

Blake & Thorne, for defendant in error.

Opinion by DAVIS, C. This action was begun in the district court of Tulsa county, Okla., by Julia Reinhard, defendant in error, plaintiff in the lower court, against Eugene F. Lonsdale and Lizzie Lonsdale, plaintiffs in error, defendants in the lower court, to recover possession of lots 3 and 4 in block 8 of Hodge addition to the city of Tulsa, Okla.

The parties will be referred to as they appeared in the trial court; that is, defendant in error as plaintiff, and plaintiffs in error as defendants.

On the 24th day of February, 1912, the plaintiff and defendant Eugene F. Lonsdale entered into a written contract, by the terms of which the plaintiff agreed to sell the defendant the above-described property for a consideration of $1,200. Lonsdale paid $100 in cash, and the remainder of the purchase price was to be paid at stated times thereafter: the remainder of the purchase price was evidenced by a series of promissory notes. It was agreed by the terms of said contract that, when the full purchase price was paid, the plaintiff would execute and deliver to the defendant a warranty deed for the property so purchased. The contract was in the usual form and contained the following clause:

"And in case the second party shall fail for a period of sixty days to make any payment or interest after same shall become due, or shall fail to keep the taxes paid, or violate any of the covenants herein contained, then the first party at her option shall declare this contract null and void and all payments already made shall operate as liquidated damages to the said first party and the second party hereby agrees on such failure to surrender the said property and give immediate and peaceable possession of same. It is understood and agreed time shall be the essence of this contract and that the conditions and agreements hereby made and entered into shall extend to, and be obligatory upon the heirs, administrators, or assigns of the respective parties."

The defendant went into possession of the property, and a short time thereafter defaulted in the payment of the notes executed by him. Various efforts were made by plaintiff to collect said notes, but the defendant refused to pay the notes or taxes that matured after this contract was entered into.

The defendants filed a general denial, and the cause was submitted to a jury. At the conclusion of the evidence, the court directed a verdict to be returned in favor of plaintiff and against the defendants. A motion for a new trial was duly filed and overruled.

From the action of the court in overruling this motion an appeal has been prosecuted to this court for the purpose of review.

There was no evidence offered by defendants that tended to establish any defense to this action. The only contention urged by counsel for defendants for a reversal of this cause is that ejectment was not the proper remedy to obtain possession of the property in controversy; that the executory contract entered into between the parties hereto should be treated as an equitable mortgage and foreclosed as such.

This contention is not well taken. The contract possesses no element that would warrant such a construction. It is an ordinary executory contract for the purchase of real estate. It is admitted that there was a default made, and that said default continued for a long time prior to the institution of this action. When real estate is sold under an executory contract and the vendee goes in possession thereof by virtue of said executory contract and makes default in the payment of the purchase price as provided in the terms of said executory contract, the vendor may exercise his option to declare the contract at an end and obtain possession of said real estate in an action in ejectment. It was expressly provided, by the terms of the contract under which the defendants entered into possession of the real estate, that, in case default should be made in the payment of the notes executed in payment therefor, the vendor might exercise her option and declare the contract at an end, and that, upon the exercising of said option, the party of the second part would surrender peaceable possession of said property to the party of the first part.

After default had been made and after said default had continued over a period of years and the plaintiff had been compelled to pay several hundred dollars as taxes that had been assessed against the property, which the defendant expressly agreed to pay, this option was exercised and possession demanded and refused.

In the case of Talley et al. v. Kingfisher Improvement Co., 24 Okla. 472, 103 Pac. 591, 20 Ann. Cas. 352, this question was presented to the Supreme Court of this state. Judge Turner, speaking for the court, said:

"The law is well settled that, where a person goes into possession under a contract of purchase, with the consent of the vendor, and then makes default in the payment of the purchase price or otherwise fails or refuses to comply with the terms of the contract, he or his assignee may be turned out

by the vendor in an action of ejectment." 10 Am. & Eng. Enc. of Law, 494, 497.

The question presented in the case of Talley et al. v. Kingfisher Improvement Co., supra, is identical with the questions here presented, and the rule announced therein is conclusive of the question here presented.

While it is true that in the case of Talley et al. v. Kingfisher Improvement Co., supra, the court found the defendants were not in default and that they were entitled to retain possession under the executory contract, yet in the instant case there is no pretense that the defendants have attempted to make any compliance with the terms of the contract under which the property was purchased.

In 39 Cyc. p. 1889, the rule is stated as follows:

"It is well settled that where a purchaser under a contract of sale or bond for title fails to comply with the provisions of the contract in regard to the payment of the purchase price, the vendor may recover possession of the land in an action of ejectment." Seabury v. Doe, 22 Ala. 207, 58 Am. Dec. 254; Cleveland v. Aldridge, 94 Ark. 51, 125 S. W. 1016; Gervaise v. Brookins, 156 Cal. 103, 103 Pac. 329; Knox v. Spratt, 19 Fla. 817; Hill v. Winn, 60 Ga. 337; Pratt v. Peckham, 44 Hun. 247; Id. 122 N. Y. 669, 26 N. E. 754; Burnett v. Caldwell, 9 Wall. 290, 19 L. Ed. 712.

There being no defense offered by the defendants, and the uncontroverted evidence showing that the defendants were in default, it follows that there was no error in directing a verdict in favor of plaintiff.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.