**ELDRIDGE et al. v. VANCE, Rec.**

No. 17468. Opinion Filed June 14, 1927.

Rehearing Denied Nov. 22, 1927.

(Syllabus.)

1. **Election of Remedies—Conformity to Rules of Pleading and Proof by Vendor in Action Against Defrauding Vendee.**

A vendor under a contract for the sale of real estate, upon default of the vendee, has a choice of remedies. Regardless of which remedy he elects to adopt, he must conform to the established rules of pleading and proof prescribed by the statute and decisions of this state for the particular remedy elected.

2. **Vendor and Purchaser—Default in Payments by Vendee in Possession Under Executory Contract—Right of Vendor to Terminate Contract and Sue in Ejectment.**

When real estate is sold under an executory contract and the vendee goes in possession thereof by virtue of said executory contract and makes default in payment of the purchase price as provided in the terms of said executory contract, the vendor may exercise his option to declare the contract at an end and obtain possession of said real estate in an action in ejectment.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Suit in ejectment by L. M. Vance, receiver of the National Bank of Commerce of Shawnee against C. H. Eldridge et al. to recover possession of certain lands in Shawnee, Okla., sold under an executory contract, and for the appointment of a receiver. The court appointed the receiver. Motion was made to vacate the appointment and was refused. Defendant appeals. Record examined, and held sufficient to sustain the appointment. Affirmed.

A. M. Baldwin and T. G. Cutlip, for plaintiffs in error.

Chas. E. Wells, for defendant in error.

HEFNER, J. The defendant in error, who will hereinafter be referred to as plaintiff, and the plaintiff in error, who will hereinafter be referred to as defendant, entered into a written executory contract for the sale and purchase of certain lots in Shawnee, Okla., which properly consisted of small business buildings with a wagon yard in the rear. The contract provided for $1,100 in cash and certain deferred payments, which were evidenced by 12 notes of $108 each, the first one due on May 1, 1924, and one due on the first day of each succeeding month until the 12 notes were paid. The balance of the consideration became due on May 1, 1925. The contract further provided that, upon a failure to comply with the conditions of the contract by the defendant, the defendant would surrender the possession of the premises to the plaintiff, and it was further agreed that time was the essence of the contract, and unless the payments were made as provided the contract would be void.

The defendant made the cash payment, but made default in all other payments; failed to pay the 1924 and 1925 taxes; failed to maintain insurance; kept possession of the property for about two years. and. at the time the suit was filed, had collected rents in the sum of $2,400.

The plaintiff commenced an action in the nature of ejectment and damages in the amount of the rents collected after default, alleging ownership of the property, a com-

plete deraignment of title, and that the defendant had let the property to various tenants, and had been collecting rents at the rate of $100 per month for a period of two years, and the defendant was letting the property run down, become delapidated, not paying the taxes or insurance, and also wrongfully keeping plaintiff out of possession; and further alleging that the property was in danger of being materially injured, and that the defendant was insolvent and could not respond to plaintiff in damages. and asked that pending a final determination of the cause, a receiver be appointed to collect the rents and that judgment be rendered for possession of the property and damages in the amount of rents collected after default.

Afterwards, and before defendant had filed an answer, the plaintiff filed, in addition to the verified petition, his application for the appointment of a receiver, alleging practically the same as the facts set out in the verified petition. This notice was properly served on the defendants, a hearing had for the appointment of a receiver, and upon the showing made by the plaintiff a receiver was appointed, who qualified and entered upon his duties.

A few days thereafter the defendant filed his motion to vacate the order appointing a receiver, and upon a hearing of the motion by the court, the court refused to grant the motion to vacate the appointment of the receiver, and from this action of the court this appeal is prosecuted to this court.

In the petition in error the defendant sets out three grounds upon which it is contended that the judgment of the lower court in refusing to vacate the order appointing a receiver should be reversed:

"a. That said petition that defendant in error filed failed to state a cause of action in favor of the defendant in error and against the plaintiffs in error, or either of them.

"b. That said petition failed to state facts that would entitle the defendant in error to any equitable relief.

"c. That the petition on which the court appointed a receiver did not give the court jurisdiction to appoint a receiver."

Under the decisions of this court the plaintiff had an election of remedies. He could have brought his action to rescind the contract or he could have brought it in the nature of ejectment as was done.

The plaintiff in error contends this cause should be reversed upon the rule of law laid down in Simmons v. Harris, 108 Okla. 189, 235 Pac. 508. The very able opinion in that case was written by Mr. Justice Mason, and in the sixth paragraph of the syllabus it is said:

"A vendor under a contract for the sale of real estate, upon default of the vendee, has a choice of remedies. Regardless of which remedy he elects to adopt, he must conform to the established rules of pleading and proof prescribed by the statute and decisions of this state for the particular remedy elected."

This is a correct statement of the law, and where the action is one in rescission, the plaintiff, in his petition, must offer to restore everything of value he has received under the contract.

In the case of Lonsdale et al. v. Reinhard, 74 Okla. 53, 176 Pac. 924, it was contended that the plaintiff could not bring a suit in ejectment on an executory contract to convey land. The contract in that case is very similar to the contract in the instant case. In the body of the opinion the court says:

"* * * When real estate is sold under an executory contract and the vendee goes in possession thereof by virtue of said executory contract and makes default in payment of the purchase price as provided in the terms of said executory contract, the vendor may exercise his option to declare the contract at an end and obtain possession of said real estate in an action in ejectment."

It is therefore clear under this authority that the plaintiff had a right to bring his suit in the nature of ejectment for the possession of the lands in controversy.

The suit being one, not for the rescission of the contract, but one in the nature of ejectment, we think the allegations in the petition and in the motion for the appointment of a receiver were sufficient to give the court jurisdiction to make the appointment.

The judgment of the trial court is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY. JJ., concur.