SPARKS et al. v. TROSPER.

*97 P. 2d 81.*

No. 28868. Dec. 19, 1939.

Stuart & Ledbetter, of Oklahoma City, for plaintiffs in error.

I. L. Harris and Ted R. Elliott, both of Oklahoma City, for defendant in error.

HURST, J. This is an action in ejectment brought by the plaintiff, Trosper, vendor in an executory contract for the sale of two lots in Oklahoma City, to recover possession thereof from the defendants, upon their failure to pay monthly installments, taxes, and special assessments, in accordance with the terms of the contract. By the terms of the contract plaintiff agreed to sell the property to defendants on a monthly payment basis, retaining title until payment of the purchase price in full, at which time he was to furnish an abstract and warranty deed covering the property. Defendants were to pay all taxes and special assessments and keep the property insured. In addition, the contract provided as follows:

"It is further stipulated by and between the parties that time is the essence of this agreement, and upon default upon the part of the parties of the second part in payment of one or more monthly installments when due or if such insurance is not effected and maintained; or any taxes or assessments are not paid before delinquent; the said second parties shall forfeit to the party of the first part, as rental and liquidated damages, any such sum or sums of money as may have been paid under this agreement and shall forfeit all other rights and interests accruing to said second parties hereunder. It is further agreed that upon the forfeiture of the right and interests of the parties of the second part, that the parties of the second part shall give immediate peaceable possession of the said premises to the party of the first part, and it is further agreed that should this contract after forfeiture be placed in the hands of an attorney to regain possession of the above-described premises to the party of the first part, the parties of the second part hereby agree to pay ten per cent. additional on the entire sum as attorney's fees for the same.

"It is further mutually agreed that if two or more of said monthly payments become due and unpaid at any time, party of the first part shall have the option to declare the entire indebtedness due and payable at once without further previous notice to parties of the second part or their assigns."

The defendants took possession of the property under the contract, and have continued in possession. They failed to pay taxes and assessments for certain years, and also defaulted in the payment of the monthly installments. When this default and failure to pay had continued for a considerable period, plaintiff, on May 3, 1937, served a written notice on defendants, advising them that unless they paid the delinquent taxes and assessments, and the past due installments, within 30 days, he would forfeit their contract and repossess the property. Some of the installments were not then due, but plaintiff did not exercise his option to declare the full amount due

as authorized by the contract. Defendants failed to make the delinquent payments, and on June 8, 1937, plaintiff commenced this action. The defendants answered by a general denial. The cause was tried to a jury, and at the close of the evidence the trial court directed a verdict for plaintiff, and entered judgment awarding him possession of the property, and quieting his title thereto as against the claims of defendants. The defendants appeal.

1. Defendants urge that the trial court should have sustained their demurrer to plaintiff's petition, their objection to the introduction of any evidence by plaintiff, their demurrer to the evidence, and their motion for a directed verdict, for the reason that plaintiff's petition and the evidence produced at the trial showed that plaintiff had permitted defendants to remain in the property for a long time, and to pay a large part of the purchase price, and had not tendered them an abstract and deed before terminating the contract, and that by such conduct plaintiff had waived the right to terminate the contract and to recover possession of the property. To support this contention they rely on Boone v. Templeman (Cal.) 110 P. 947; Moore v. Kelly (1916) 57 Okla. 348, 157 P. 81, and Simmons v. Harris (1925) 108 Okla. 189, 235 P. 508.

The plaintiff points out that the three cases relied on are not applicable here, since they are actions of equitable cognizance; Boone v. Templeman being an action by the vendee for specific performance, and Moore v. Kelly and Simmons v. Harris being actions by the vendor to rescind without giving vendee notice and an opportunity to reinstate the contract, and involving other equitable principles. Plaintiff relies on Lonsdale v. Reinhard (1918) 74 Okla. 53, 176 P. 924; Eldridge v. Vance (1927) 128 Okla. 46, 261 P. 168, and Cornelius v. Keegan (1935) 172 Okla. 235, 45 P. 2d 58, which were, like the instant case, ejectment actions brought by the vendor to recover possession after default by the vendee, and after notice of forfeiture was given by the vendor. See,

also, Hill v. Buford (1925) 111 Okla. 148, 239 P. 165; 27 R. C. L. 621; 66 C. J. 1341; Black on Rescission and Cancellation (2d Ed.) sec. 439. We are of the opinion that this case is analogous to the cases cited by the plaintiff, and is controlled by the principles announced in them. The vendor in an executory contract for the sale of real estate, upon default by the vendee, may elect one of several remedies, if such are not excluded by the terms of the contract. These various remedies are enumerated and discussed in 66 C. J. at page 1206 et seq., and an extended discussion of them is unnecessary here. Among them are the equitable remedies of rescission and specific performance, and the legal actions of ejectment and damages for breach of contract. The cases cited by plaintiff and defendants are illustrative of the distinction in principle between the legal and equitable remedies. To avoid confusion, it is necessary in an action of this kind to always keep clearly in mind the nature of the remedy invoked, whether the action or defense involves legal or equitable questions, the peculiar facts in each case, and the terms of the contract under consideration. The relief to which a plaintiff is entitled is governed by the particular remedy he can and does choose, and by the nature of the defense set up. See Oconto Company v. Bacon (1923) 181 Wis. 538, 195 N. W. 412, 40 A. L. R. 175, and note.

In Moore v. Kelly, supra, this court announced the rule that a vendor, by permitting vendee to remain in default, temporarily waived the right to assert that time was of the essence thereof. But in the instant case plaintiff, by giving the defendants notice and a reasonable time to pay the delinquent installments, taxes, and assessments, complied with the rule announced in that case. On failure of the defendants to comply with the demand or tender performance, the contract terminated. By such termination defendants forfeited the rights they previously had, including the right of possession, and being in possession without right, the remedy of ejectment was available to plaintiff. 66 C. J. 1207; Lonsdale

v. Reinhard, supra; Hill v. Buford, supra. Title and right of possession being the only issues involved, plaintiff was not required to restore what he had received under the contract. The contract specifically provided otherwise. Nor was he required to tender the deed and abstract to defendants, although he did this at the beginning of the trial. Since all the installments had not matured, and defendants did not offer to pay the balance due, by the terms of the contract they were not entitled to tender of the deed and abstract. The remedy plaintiff chose was not equitable in its nature. It was a remedy at law, and is governed by legal principles.

As to the contention that plaintiff waived his right to forfeit by permitting defendants to remain in the property after they had made default and pay a portion of the purchase price, we cannot agree that the mere fact that the vendor was lenient towards the vendees would amount to a waiver of vendor's right to forfeit. Unquestionably such conduct waived for the time being the right to assert that time was of the essence of the contract, but his notice to pay up or forfeit reinstated that provision. Moore v. Kelly, supra; Black on Rescission and Cancellation (2nd Ed.) sec. 440. And from the evidence it appears that the rental value of the premises during the time possession was held by defendants exceeded the amount paid by them to plaintiff. Furthermore, the record discloses that the unpaid balance on the contract was in excess of $1,100, and the contract price was $1,250, most of the payments having been applied on interest, taxes, and special assessments. We fail to find any legal ground or factual basis for the contention that the plaintiff should be denied his right under the contract to terminate it for the default of the defendants. We think the court properly directed a verdict for the plaintiff.

2. Defendants' next contention is that the trial court erred in overruling a motion filed by them after the judgment, but prior to the overruling of their motion for new trial, in which they asked that plaintiff be required to deliver to them the abstract of title to this property, in order that they might effect a sale thereof. No authorities are cited in support of this contention, and we think the ruling of the trial court correct. If, as the trial court found, defendants, by the forfeiture of their contract, lost all title and right of possession to the property, and such title and right of possession vested in plaintiff, there existed no legal reason why the court should force plaintiff, against his wishes, to permit defendants to sell the property.

3. What we have heretofore said disposes of the remaining contention of defendants having to do with the law relating to forfeitures. The parties, by their contract, provided for termination of the rights of the vendee for nonpayment of installments, taxes, and special assessments. Plaintiff has brought himself within the terms of the contract. Defendants have not offered to perform their part of the agreement, and are not in position to demand that they be relieved of the forfeiture of their rights under the contract. See Oconto Co. v. Bacon, supra.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, and GIBSON, JJ., concur.