STONE et al. v. RITZINGER.

No. 31481. Oct. 24, 1944.

Rehearing Denied Dec. 19, 1944.

*153 P. 2d 1006.*

Walter Mathews, of Cushing, for plaintiffs in error.

Shirk, Gilliland, Odgen, Whittington

654

& Shirk, of Oklahoma City, for defendant in error.

RILEY, J. Defendant in error, herein referred to as plaintiff, and Gladys Stone and Jim Monk, Jr., herein referred to as defendants, on July 15, 1940, entered into an agreement in writing whereby plaintiff agreed to sell and convey to defendants, certain real property, being tract 1, block 29, in the town of Heavener, LeFlore county. The consideration was $1,000, payments to be made as follows: $250 cash, the balance, $750, to be paid in monthly payments of $25 each. The first monthly sum was due and payable September 15, 1940; $25 on the 15th day of each succeeding month. Deferred payments were to draw interest at 6% per annum, to be computed and paid within 30 days after the final installments on the principal obligation. Defendants were to have possession from and after the date of the execution of the contract, were not to commit nor permit waste. They were to pay all taxes and special assessments levied against the premises after the execution of the contract; plaintiff was to cause to be paid all the special assessments levied against the lot by the city of Heavener in the creation of street improvement district No. 1. The contract was recorded and by paragraph 5 further provided:

"5. That any failure upon the part of the second parties to keep and perform this agreement or to make the payments in the manner herein provided shall render, at the option of the first party, this contract wholly void, and the first party may and shall retain all payments made by the second parties as an agreed reasonable rental for the said premises, and first party shall thereupon be entitled to the immediate possession thereof."

On June 12, 1942, plaintiff commenced this action against defendants and O. B. Stone. Stone filed a disclaimer and is out of the case.

Plaintiff alleged that he is the owner and entitled to the possession of the premises. He pleads the execution of the contract and attaches a copy to the petition. Plaintiff alleged that defendants paid the down payment of $250, and certain other small payments. That defendants then failed to make the payments as provided in the contract "and by virtue of failing to carry out the terms of said contract and by failing to make the payments therein set out, . . . defendants . . . have breached said contract and . . . this plaintiff is entitled to have said contract cancelled, . . . and is entitled to a decree of this court decreeing the plaintiff to be the owner of said premises and forever barring and enjoining defendants from claiming or asserting any right, title or interest in and to said property by virtue of said contract."

It was further alleged:

"Said defendants have breached all the terms of said contract and especially paragraph 5 thereof, and that the money so paid by the defendants herein under and by virtue of the terms of said contract should be retained as an agreed reasonable rental as provided in said contract."

Prayer was for judgment decreeing the said contract to have been breached and to bar and enjoin defendants from claiming or asserting any right, title, or interest in and to the premises, and decreeing plaintiff to be entitled to the possession, and for costs.

Defendants answered and counterclaimed, denying that plaintiff, at the time of the execution of said contract, owned, or that he then owned any right, title, interest or estate in the premises, or that he had, or ever had the possession or right of possession, or that defendants ever acquired the right of possession.

Defendants pleaded that plaintiff represented that he owned the fee-simple title to said property and was in, or had the right of, possession; that relying upon such representation defendants executed the contract, and pursuant thereto paid plaintiff $250 and other payments amounting in all to

$435; that by reason of the fact that plaintiff had no title or right of possession there was an entire lack and failure of consideration for the execution of said contract or for said payments. Defendants further pleaded a resale tax deed by the county treasurer, conveying the property to one R. C. Booten, under tax resale held the second Monday in May, 1940, and recorded June 27, 1940. Defendants denied that they received any rent, profit, or income from such property, and alleged:

"That since plaintiff has elected to rescind said contract they are entitled to have him restore to them the said sums they paid him thereunder . . ."

Prayer was that plaintiff take nothing as against them (other than the rescission of said contract) and that defendants recover from plaintiff the sum of $445, the sum paid by them to plaintiff, with interest, and that the payment made be decreed a lien on any right, title or interest plaintiff may own in said real estate.

Reply was by general denial.

The decree canceled the contract, permitting plaintiff to retain all payments made, awarded plaintiff possession, directed the sheriff to place plaintiff in possession, and denied defendants any relief under their counterclaim.

Defendants appeal. The single assignment of error is the merit of the counterclaim denied by the judgment.

There is controversy as to whether this is an action at law, in ejectment, or in equity for cancellation of the contract and for possession of real estate.

The vender in an executory contract for the sale of real estate, upon default by the vendee, may elect one of several remedies if such are not excluded by the contract. Sparks v. Trosper, 186 Okla. 289, 97 P. 2d 81.

These remedies are enumerated in 66 C.J. p. 1206. If the vendor has parted with possession of the land, he may sue to recover possession, or he may

bring an action to rescind the contract or declare it at an end. Ibid.

The relief to which a plaintiff is entitled is governed by the particular remedy selected and by the nature of the defense. It is important to keep clearly in mind the nature of the remedy selected, and whether the action or defense involves legal or equitable principles as they relate to the pleadings and facts proved.

In the instant case, the petition does not allege that defendants were in possession. The principal defense pleaded was lack of title, possession and right of plaintiff's possession, and the consequent failure of consideration in plaintiff's and defendants' contractual relation. Defendants specifically denied their possession. Whether plaintiff's action is an action at law in ejectment only or an equitable action, is settled by Cullins v. Elerick, 110 Okla. 132, 236 P. 886. Therein we held:

"A suit to rescind a contract and for possession of real property, based upon the ground that the vendee has not complied with the terms of the contract, which provides that the vendee shall make certain payments on the purchase price and pay the taxes and insurance before a deed shall be delivered, is an equitable action and not an action in ejectment."

Under the pleadings and the rule stated, this is an action of equitable cognizance. It is one to rescind a contract of sale.

It was stipulated at the trial that on July 15, 1940, plaintiff had a good and merchantable title to the premises; that he still had title at the time of the trial.

By the stipulation, defendants conceded failure of their plea of lack of title, and lack of consideration. It was further stipulated that the contract was entered into as an executory contract; that defendants continued to make payments on the contract until they had paid the sum of $442.50; that the last payment was made October 31, 1941;

that on that date, defendants defaulted on the payment due, and were in default of the balance due; that on June 12, 1942, plaintiff brought this action to cancel the contract because of the default. The record is silent as to the party in possession.

What were the rights of the parties under the circumstances? The contract does not provide for automatic termination upon failure of defendants to make the payments. It provides for termination at the option of the plaintiff. Time was not made of the essence of the contract.

The general rule is that if the vendor desires to rescind or forfeit such a contract providing sale and payments thereunder, for default in performance, notice of his intent must be given. Thus, unless notice is waived, it is necessary when time is not of the essence of the contract. Such notice is also necessary when, by the terms of the contract, the vendor is given the option to rescind or forfeit the contract on default of the purchaser in performance, or where the vendor has permitted the purchaser to take possession of the land, and has received part of the purchase money from him. 66 C.J. 768.

Plaintiff, to support the judgment, cites Hill v. Buford, 111 Okla. 148, 239 P. 163; Cornelius et al. v. Keegan, 172 Okla. 235, 45 P. 2d 58; Eldridge v. Vance, 128 Okla. 46, 261 P. 168; Lonsdale v. Reinhard, 74 Okla. 53, 176 P. 924; and Sparks v. Trosper, supra. These were all actions in ejectment. But in Lonsdale v. Reinhard and Eldridge v. Vance, time was made the essence of the contract and no notice to terminate was necessary before bringing the action in ejectment. In Cornelius v. Keegan, time was of the essence of the contract and the contract also called for notice which was given before the action in ejectment was commenced. In other words, the contract there involved was terminated according to its terms before suit in ejectment was commenced. In Sparks v. Trosper, time was the essence of the contract.

Further, though the vendor waived the right to assert that time was of the essence of the contract, the vendor thereafter gave notice and a reasonable time to remedy the default. It was held that the contract was terminated by the notice and failure to thereafter remedy the default. After the contract was so terminated, ejection was held to be the proper remedy.

The contract in the case at bar not having been terminated, plaintiff's action is one to rescind or cancel. In Simmons v. Harris, 108 Okla. 189, 235 P. 508, it is held:

"A vendor under contract for the sale of real estate, upon default of the vendee, has a choice of remedies. Regardless of which remedy he elects to adopt, he must conform to the established rules of pleading and proof prescribed by the statute and decisions of this state for the particular remedy elected."

In Eldridge et al. v. Vance, 128 Okla. 46, 261 P. 168, in reference to the above holding, it is said:

"This is a correct statement of the law, and where the action is one in rescission, the plaintiff, in his petition, must offer to restore everything of value he has received under the contract."

In Simmons v. Harris, supra, it was also held:

"A party claiming rescission of a contract for the sale of real estate, where the vendee is in possession and has paid a part of the purchase price, must restore or offer to restore everything of value which he has received under said contract from the other party, including all outstanding and unpaid notes. Failure to prove restoration is fatal to his cause of action."

In Lansford v. Gloyd, 89 Okla. 232, 215 P. 198, it is said:

"Forfeitures are odious to the law, whether sought under the guise of rent or otherwise and liquidated damages can only be agreed upon in event the ascertainment of the actual damages is impossible or exceedingly impracticable."

There the trial coure required the vendor to account to the vendee, or his assignee, or the monies and property paid to the vendor. The court therein offset the same against the damage to the vendor by reason of the breach of the contract. The reasonable rental value, and other payments of insurance, interest, taxes were held to constitute the measure of damages. This measure of damages was affirmed.

In the case at bar, defendants consent to the cancellation of the contract. They claim only the return of the money paid under the contract. By the above authority, defendants were entitled to a return of the amount paid under the contract less damages suffered by plaintiff by reason of the breach. This will include reasonable value of the premises.

While the record is silent as to who was in possession, it was apparently assumed that the defendants held possession. But under the record, it is hardly possible to enter here an accurate judgment.

That part of the judgment canceling the contract is affirmed. That part allowing plaintiff to retain all the money paid to him under the contract is reversed. The cause is remanded, with direction to consider such evidence as the parties may desire to present on the issue of possession together with the amount of damages resulting from the breach of the contract and enter such judgment as warranted by the facts so to be adduced.

Affirmed in part, reversed and remanded in part.

CORN, C.J., GIBSON, V.C.J., and WELCH, HURST, and ARNOLD, JJ., concur.