STONE et al. v. RITZINGER.

No. 33507. Dec. 6, 1949.

Rehearing Denied Jan. 10, 1950.

*213 P. 2d 467.*

Walter Mathews, of Cushing, for plaintiffs in error.

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for defendant in error.

JOHNSON, J. This is the second appeal concerning issues involving certain real estate in Stone v. Ritzinger, 194 Okla. 653, 153 P. 2d 1006.

The parties here occupied reverse relative positions in the trial court, and hereafter they will be referred to as plaintiff and defendants.

This case was commenced on June 12, 1942, in which plaintiff sought to recover the possession of certain real property for the nonpayment of installments under the terms of a written contract of sale and purchase of the property previously entered into on the 15th day of July, 1940; and to appropriate all payments made under the contract as liquidated damage. Defendants filed an answer and counterclaim contending (1) plaintiff had no title to the property, and (2) that the action being one of an equitable nature, having for its purpose rescission of the contract, they were entitled to a return of the amounts they had paid.

In Stone v. Ritzinger, supra, the mandate to the trial court provided:

". . . defendants consent to the cancellation of the contract. They claim only the return of the money paid under the contract. By the above authority defendants were entitled to a return of the amount paid under the contract less damages suffered by plaintiff by reason of the breach. This will include reasonable rental value of the premises.

"While the record is silent as to who was in possession, it was apparently assumed that the defendant held possession, but under the record it is hardly possible to enter here an accurate judgment.

"That part of the judgment cancelling the contract is affirmed. That part allowing plaintiff to retain all the money paid to him under the contract is reversed. The cause is remanded with directions to consider such evidence as the parties may desire to present on the issue of possession together with the amount of damages resulting from the breach of the contract and enter such judgment as warranted by the facts so to be adduced."

In compliance with this mandate a second hearing in the trial court was had, and after evidence was adduced by plaintiff and defendants, including stipulations, and several witnesses and exhibits, tending to substantiate each

of their contentions, the trial court as between plaintiff and the defendants, Gladys Stone and Jim Monk, made the following finding and judgment:

". . . As to the issues between the plaintiff and the defendants, Mrs. Gladys Stone and Jim Monk, the Court finds that such defendants were in possession of the said premises to the date of the issuance of the tax deed to the defendant Dessie Monk, being the 26th day of January, 1944; and the Court considering the various sums collected by the plaintiff from time to time from the defendants Jim Monk, Jr. and Gladys Stone, for which sums the defendants are entitled to credit; and the Court further considering the agreed stipulated rental value of $15.00 per month; and the Court considering the further credits and offsets between the parties, finds that there is due the plaintiff from the defendants Jim Monk, Jr. and Mrs. Gladys Stone the sum of $323.50, and that plaintiff is entitled to judgment against them for that amount. . ."

It was from this judgment and the order overruling the motion for a new trial that the defendants appeal.

The record discloses that Dessie Monk was made a party defendant in this cause, and that she obtained a judgment decreeing title in her as of January 26, 1944, by virtue of a purported tax deed, but she is not a party to this appeal; and the issues as between the plaintiff and Dessie Monk are not before us.

Defendants seriously contend that the case was initially tried upon an agreed statement of facts, and thus precludes the hearing of further evidence by the trial court under the mandate, and as authority to sustain this contention they cite and rely on 12 O.S.A. §975, which provides:

". . . when the facts are agreed to by the parties or found by the court below, . . . and when it does not appear by exception, or otherwise, that such findings are against the weight of the evidence in the case, the Supreme Court shall send a mandate to the court below directing it to render

such judgment in the premises as it should have rendered on the facts agreed to or found in the case."

This contention cannot be sustained. The agreed statement of facts briefly were: (1) that defendants had paid $442.50 on the contract purchase price; (2) that defendants purchased the property on July 15, 1940; that defendants defaulted on October 31, 1941; (3) that a full, true and correct copy of the contract was attached to plaintiff's petition, and that it was the contract entered into between the parties, and that the contract should be considered in evidence in the cause in connection with the agreed statement of facts. The contract provided that upon default all payments were to become due and forfeited, and such payment made, and all improvements made upon the premises to be retained by the plaintiff (seller) in satisfaction of the reasonable rental value of the property; that the defendants (buyers) were to have possession of the premises from and after the date of the purchase, and to commit no waste, to pay all taxes and special assessments, to keep all buildings in as good condition as they were on date of purchase, and that upon default plaintiff (seller) was to have immediate possession.

The rule is that an agreed statement of facts should contain a clear statement of facts agreed upon which give rise to the question presented for decision, and nothing should be left to inference. Schuylkill County v. Shoener, 205 Pa. 592, 55 A. 791. Obviously, this agreed statement of facts did not show who was in possession, or the reasonable rental value of the premises. This court, in Stone v. Ritzinger, supra, was governed by the rule that an agreed statement of facts must disclose all the facts necessary to enable the court to render an intelligent judgment. 64 C. J. 1191; Lloyd v. Fendick, 231 Pa. 367, 80 A. 529.

This court in the first appeal found the record silent as to who was in possession of the property, and the evi-

dence insufficient to establish the amount of damages, if any, plaintiff had suffered from the breach of the contract. The record discloses that the trial court on second hearing only considered such issues as specified in the mandate, and where upon a second appeal it appears that the trial court has proceeded in compliance with the directions of this court in its former opinion, and an examination of the case-made discloses that no substantial right of plaintiff in error has been prejudiced, the judgment will be affirmed. Midland Valley R. Co. v. Featherstone, 43 Okla. 705, 144 P. 362.

The record discloses that the real property involved was tract 1, block 29, in the town of Heavener, LeFlore county, Oklahoma; that the consideration agreed upon to be paid for same was $1,000; $250 was paid down, and $25 was to be paid each month thereafter, the first payment to become due on the 15th of each month from and after September 15, 1940. That the defendants were to have possession from and after July 15, 1940, the date of the contract. The trial court found on second hearing that the defendants were in possession from date of purchase (July 15, 1940) until the 26th day of January, 1944. It was stipulated that the reasonable rental value of the property was $15 per month.

The trial court entered judgment for the plaintiff in the amount of $323.50. It appears that in arriving at this amount, the court took into consideration the rental value of the property and allowed the plaintiff interest on the rents as they accrued each month, but it does not appear that the court allowed the defendants interest on the amounts which defendants had paid on the contract or allowed defendants anything for improvements on the premises involved in the contract.

Beginning July 15, 1940, the date defendants went into possession under the contract in question, there was due as rents for the remainder of that month, $7.50, and $15 rent for each month thereafter, up to and including the 26th day of January, 1944, with interest at 6% to January 6, 1947, the date of the trial. The total amount of rents for this period was $635.50. The total amount of interest on delinquent monthly rents for the same period is $177, making a total of $812.50 for rents and interest to which the plaintiff would be entitled to credit.

The parties stipulated that the defendants paid $442.50 on the contract. The record discloses that payments were made as follows: July 15, 1940, $250; December 15, 1940, $15; May 1, 1941, $45; July 1, 1941, $30; July 8, 1941, $15; July 30, 1941, $15; September 2, 1941, $45; October 7, 1941, $15, making a total amount paid on these respective dates of $430, which is $12.50 less than the amount stipulated as being paid on the contract. The total amount of interest computed on $442.50 from the respective dates payments were made amounts to $160.79, making a total amount of $603.29, to which defendants are entitled to credit.

The record reflects that about June 2, 1941, defendants made repairs on the premises in the approximate amount of $125, which, together with the interest from that date in the amount of $37.95, would make a total of $162.95, for which defendants should have been credited, making a total amount of $776.24 credit allowed defendants on payments, repairs and interest, which, deducted from the amounts allowed plaintiffs for rents and interest, would leave a difference of $36.26.

This court on appeal in a case of equitable cognizance will examine the evidence and may cause to be rendered such judgment as in its opinion the trial court should have rendered.

The judgment of the trial court is modified and judgment is entered for plaintiff for $36.26, and the judgment as modified is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.